J-S27043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THEODORE MARTIN | : | |
| | : | |
| Appellant | : | No. 207 EDA 2024 |

Appeal from the PCRA Order Entered December 11, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1233811-1991

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THEODORE MARTIN | : | |
| | : | |
| Appellant | : | No. 208 EDA 2024 |

Appeal from the PCRA Order Entered December 11, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0237431-1992

BEFORE: LAZARUS, P.J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED DECEMBER 13, 2024**

In these consolidated appeals,[1] Theodore Martin appeals ***pro se*** from

the December 11, 2023 order dismissing his second petition filed pursuant to

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant's appeals at Nos. 207 EDA 2024 and 208 EDA 2024 were consolidated ***sua sponte*** by this Court on April 30, 2024.

the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. After careful review, we affirm.

A detailed recitation of the factual background is not relevant to our disposition and need not be reiterated in full here. The pertinent procedural history of this matter, as gleaned from the certified record, is as follows: On January 12, 1993, a jury found Appellant guilty of multiple counts of rape, involuntary deviate sexual intercourse, and related offenses in connection with his sexual assault of one woman and six minor girls in the fall of 1991. In March 1994, the trial court sentenced Appellant to an aggregate term of 45 to 100 years' imprisonment. On September 8, 1995, a panel of this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied his petition for allowance of appeal on April 9, 1996. *See Commonwealth v. Martin*, 669 A.2d 411 (Pa.Super. 1995), *appeal denied*, 669 A.2d 411 (Pa. 1996). Appellant did not file a petition for writ of *certiorari* with the United States Supreme Court.

On August 8, 2019, Appellant filed his first PCRA petition and counsel[2] was appointed to represent him. Counsel subsequently filed a motion to withdraw and no-merit letter in accordance with *Turner*/*Finley*.[3] On

_____

[2] Anu Koodathil, Esq.

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

February 12, 2021, the PCRA court provided Appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Thereafter, on April 6, 2021, the PCRA court granted counsel's request to withdraw and dismissed Appellant's petition as untimely. Appellant did not appeal the PCRA's court's order.

On November 14, 2022, Appellant filed the instant *pro se* PCRA petition, his second, which was styled as a petition for writ of *habeas corpus*. Appellant supplemented his petition with two additional *pro se* filings on August 7 and September 15, 2023.[4] On November 15, 2023, the PCRA court issued its Rule 907 notice, to which Appellant filed a *pro se* response on November 27, 2023. Thereafter, on December 11, 2023, the PCRA court entered an order and opinion dismissing Appellant's petition as untimely. Therein, the PCRA concluded that Appellant failed "to invoke an exception to the PCRA's time bar, instead arguing [] that the PCRA does not apply[,]" and that is without jurisdiction to review his claims. PCRA court opinion, 12/11/23 at 3. This timely appeal followed on December 26, 2023.[5]

---

[4] Appellant filed a "Petition for the issuance of a Writ of *Mandamus*" on August 7, 2023, and an "Application for leave to have his case transferred to the Supreme Court of Pennsylvania" on September 15, 2023.

[5] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b).

As best we can discern from his disjointed brief, Appellant contends that the PCRA court erred in construing his self-styled motion[6] challenging the legality of his sentence as a PCRA petition, therefore subjecting it to the PCRA time-bar. **See** Appellant's brief at 10-13, 24-25.

Preliminarily, we note that "the PCRA is intended to be the sole means of achieving post-conviction relief," and that "the PCRA statute subsumes the writ of **habeas corpus**." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa.Super. 2013) (citations omitted); **see also** 42 Pa.C.S.A. § 9542 (stating, "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including **habeas corpus** and **coram nobis**."). This Court has long recognized that "[r]egardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA." **Commonwealth v. Hagan**, 306 A.3d 414, 421–422 (Pa.Super. 2023) (citations omitted).

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**,

---

[6] Appellant styled his November 14, 2022 petition as a "Motion for Clarification and/or Correction of Sentence, or a Correction of the Docket Entries, and/or Writ of **Habeas Corpus Ad Subjiciendum**."

102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

We must consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. **Commonwealth v. Davis**, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including a second or subsequent petition, must be filed within one year of when a defendant's judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the record reveals that our Supreme Court denied Appellant's petition for allowance of appeal on April 9, 1996. **See Martin**, **supra**. Thus, Appellant's judgment of sentence became final on July 8, 1996, when the 90–day time period for filing a petition for a **writ of certiorari** with the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Accordingly, Appellant had until July 8, 1997 to file a timely PCRA petition. **Id.** at

§ 9545(b)(1). Appellant's instant PCRA petition was filed November 14, 2022, more than 25 years after the deadline, and is patently untimely. Accordingly, Appellant was required to plead and prove that one of the three statutory exceptions enumerated in Section 9545(b)(1) applies.

The three statutory exceptions to the PCRA time-bar are as follows:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking any of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Instantly, we note that Appellant does not even acknowledge the untimeliness of his PCRA petition, let alone plead or prove any of the statutory exceptions to the PCRA time-bar set forth in Section § 9545(b)(1). Rather, Appellant baldly contends that the PCRA court erred in construing his legality of sentencing claim under the guise of the PCRA. This Court has long

recognized that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Armolt**, 294 A.3d 364, 378 (Pa. 2023), quoting **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999); **see also Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa.Super. 2013) (stating, "although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." (citation omitted)).  Appellant has failed to satisfy this burden.

Based on the foregoing, we discern no error on the part of the PCRA court in dismissing Appellant's petition and affirm its December 11, 2023 order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/13/2024